**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JEROME SMITH,**<br>     **Petitioner,**<br><br>          **v.**<br><br>**STEVEN S. GLUNT, et al.,**<br>     **Respondents.** | **CIVIL ACTION**<br><br><br>**NO. 13-cv-2428** |

<u>**MEMORANDUM RE: PETITIONER'S OBJECTIONS TO MAGISTRATE**
**JUDGE PERKIN'S REPORT AND RECOMMENDATION**</u>

Baylson, J.                                              April  **22nd**  , 2016

**I.     Introduction**

Petitioner Jerome Smith filed a pro se Petition for Writ of Habeas Corpus

under 28 U.S.C. § 2254 (ECF 1). The undersigned referred the case to

Magistrate Judge Henry S. Perkin for a Report and Recommendation ("R&R")

on the merits. Judge Perkin filed his R&R on June 4, 2015 (ECF 17), and

presently before the Court are Petitioner's Objections to the R&R, which he

filed July 1, 2015 (ECF 20).

Under independent review, and for the reasons stated below, the Court

denies Petitioner's Objections and approves Judge Perkin's R&R.

**II.     Background**

The Court adopts Judge Perkin's thorough background and procedural

history of the state-court proceedings.

Through his § 2254 petition, Petitioner brings four challenges to his

Pennsylvania conviction for first-degree murder:

1.     The trail court erred when it denied Petitioner's motions for
       mistrial based on the prosecution's intentional elicitation of
       inadmissible evidence of other-crimes evidence from prosecution

witnesses. The cumulative effect of this other-crimes evidence deprived Petitioner of a fair trial.

2.     The trial court erred by admitting hearsay and a photograph into evidence.

3.     Petitioner's Post Conviction Relief Act ("PCRA") counsel was ineffective because he failed to raise a claim that trial counsel was ineffective for failing to object to a comment made by the prosecutor during closing argument.

4.     Petitioner's trial counsel was ineffective for failing to contest the trial court's refusal to instruct the jury on murder in the third degree, despite evidence consistent with third-degree murder.

Judge Perkin recommends rejecting each of these challenges for the reasons explained below and in the report and recommendation.

## III.   Legal Standard

In ruling on objections to an R&R of a U.S. Magistrate Judge, this Court reviews *de novo* only the findings that a petitioner specifically objects to. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Because Petitioner is *pro se*, the Petition and the Objections to the R&R must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## IV.   Analysis of Objections

Petitioner raises objections as to Judge Perkin's conclusions for each of Petitioner's four claims.

### A.   Motions for Mistrial

In his first claim, Petitioner argues that the trial court erred in declining to grant his motion for a mistrial based on the prosecution's intentional elicitation of inadmissible evidence from two witnesses.

Judge Perkin recommends rejecting the claim because Petitioner (1) fails to argue that the admission of this evidence violated *federal* law and (2) even if the Petition is construed to make out a federal claim, Petitioner has not met his burden of showing that that state court's findings were unreasonable.

Petitioner objects to this recommendation on two grounds: (1) the claim is based on federal law and (2) the state court's rejection of this claim involved an unreasonable application of clearly established federal law.

Even assuming arguendo that Petitioner claims that the state court unreasonably applied clearly established federal law, the Court agrees with Judge Perkin that Petitioner has failed to show that the state court's findings were unreasonable.

A state court unreasonably applies clearly established federal law if the state court "(1) 'identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case'; or (2) 'unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Lambert v. Blackwell*, 387 F.3d 210, 234 (3d Cir. 2004) (quoting *Williams v. Taylor*, 529 U.S. 362, 407 (2000)).

When reviewing this claim, the Superior Court of Pennsylvania determined that the prosecutor's questions to one of the challenged witnesses (Ms. Bernice Farmer) were appropriate under state law because defense counsel opened the door to the line of questioning. The Court agrees with Judge Perkin's

assessment that the Superior Court's determination that the questions were consistent with state law is binding on this Court. 28 U.S.C. § 2254(a). Furthermore, based on the record, this line of questioning did not deprive Mr. Smith a fair trial based on federal constitutional standards.

As to the other witness (Mr. Michael Friday), the state court determined that the prosecutor's questions were inappropriate and prejudiced Petitioner. The court then determined that the error was harmless in light of the other evidence submitted against Petitioner. "A constitutional error is harmless when 'it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" *Mitchell v. Esparza*, 540 U.S. 12, 18 (2003) (quoting *Neder v. United States*, 527 U.S. 1, 15 (1999)). As Judge Perkin, this Court concludes that the Superior Court's application of the harmless error standard was a reasonable application of federal law.

Even when taken together, the information provided by the two witnesses in response to the prosecutor's question did not deprive Plaintiff of a fair trial. Thus, the Court adopts Judge Perkin's recommendation.

### B.    Hearsay and Photograph Evidence

Petitioner next claims that the trial court erred by admitting hearsay and a photograph into evidence.

Judge Perkin recommends rejecting this claim because Petitioner (1) failed to raise an issue of federal law and (2) failed to exhaust state remedies.

Petitioner's only objection to Judge Perkin's recommendation for this claim is that Petitioner based this claim on federal, rather than state, law. Petitioner does not object to Judge Perkin's conclusion that Petitioner failed to exhaust state remedies.

The Court agrees with Judge Perkin that Petitioner failed to exhaust state remedies as to this claim. Thus, the Court adopts Judge Perkin's recommendation to reject this claim based on the failure to exhaust the claim.

### C.    Ineffective PCRA Counsel

Petitioner next claims that his counsel during his state post-conviction proceedings ("PCRA counsel") was ineffective because PCRA counsel failed to argue that his trial counsel was ineffective for failing to object to a prosecutor's comment during closing arguments. During closing arguments for the defense, Petitioner's trial counsel had attacked the credibility of one of the prosecution's witnesses by arguing that the witness lacked any reason to lie to police in the witness's initial report to police. The prosecutor responded to this argument in closing by urging that the witness had reason to fear Petitioner because the witness had watched Petitioner repeatedly stab the victim "like a homicidal maniac" even as the victim tried to flee.

A petitioner cannot use an error of post-conviction counsel as a "ground for relief" for a federal habeas claim. 28 U.S.C. § 2254(i). But, if the petitioner's claim is based on the error of trial counsel and refers to the error of post-conviction counsel merely to excuse the failure to exhaust state remedies (i.e., to show "cause and prejudice"), then the claim may be cognizable.

*Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309, 1318-20 (2012). In such an instance, the petitioner's "ground for relief" is the error of trial counsel, and thus the claim does not run afoul of § 2254(i). *Id.*

For Petitioner to successfully establish a claim under such circumstances, he must show two things: (1) the underlying claim, based on the ineffectiveness of trial counsel, is "substantial" and (2) Petitioner's post-conviction counsel was ineffective under *Strickland* for failing to raise the underlying claim in the state post-conviction proceedings. *Id.* at 1321. To establish ineffective assistance of counsel under *Strickland*, Petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense such that the defendant was deprived of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Judge Perkin applies this law and concludes that Petitioner's underlying claim is not substantial. Additionally, Judge Perkin concludes that Petitioner's PCRA counsel was not ineffective for failing to raise the claim.

Petitioner objects to Judge Perkin's recommendation, arguing (1) that the outcome in the trial would have been different had Petitioner's trial counsel objected to the prosecutor's comments and (2) that PCRA counsel was deficient for failing to raise the claim because it would have been a "dead-bang winner." Objections at 6 (quoting *United States v. Cook*, 45 F.3d 388, 394-95 (10th Cir. 1995). Furthermore, Petitioner argues that the cumulative effect of the prosecutor's misconduct throughout the trial deprived Petitioner of a fair trial,

even if the Court concludes that the individual instances of misconduct (e.g., the comment during closing argument) did not.

The Court agrees with Judge Perkin that Petitioner's underlying claim is not substantial. Petitioner's trial counsel had no ground to object to the prosecutor's comment during closing argument because Petitioner's trial counsel had opened the door to that line of questioning. Thus, the Court adopts Judge Perkin's assessment that "[g]iven the strength of the evidence against Petitioner and the fact that trial counsel opened the door to the prosecutor's comment, Petitioner cannot demonstrate that it was 'objectively unreasonable' for trial counsel to decline to raise an objection to the prosecutor's description of Petitioner's actions in killing [the victim]." R&R at 30. Under these circumstances, Petitioner cannot show either that his trial counsel's or his PCRA counsel's performance was deficient.

The Court also rejects Petitioner's assertion that the cumulative effect of the prosecutorial misconduct throughout the trial entitled Petitioner to relief. "[A] federal habeas petitioner is not entitled to relief based on cumulative errors unless he can establish actual prejudice." *Albrecht v. Horn*, 485 F.3d 103, 139 (3d Cir. 2007). Even when considering all of the factors that Petitioner claims prejudiced him, Petitioner has not shown that he was actually prejudiced.

### D.    Ineffective Trial Counsel

Petitioner claims that his trial counsel was ineffective for failing to contest the trial court's refusal to instruct the jury on third-degree murder.

The PCRA Court rejected this claim upon determining that no instruction on third-degree murder was required because the evidence clearly supported the first-degree instruction. R&R at 23 (quoting *Commonwealth v. Smith*, CP-51-CR-0811161-2005 (PCRA Ct. Dec. 19, 2011)). On appeal, the Pennsylvania Superior Court held that the evidence was insufficient to warrant the instruction on third-degree murder because "[a]ny possibility that Appellant merely acted with malice ended when after severely wounding the victim, the victim attempted to get away, and Appellant followed the victim and continued attacking him, inflicting more stab wounds to vital areas of the victim's body." R&R at 24 (quoting *Commonwealth v. Smith*, 53 A.3d 943 (Pa. Super.) (No. 1300 EDA 2010)).

Judge Perkin recommends rejecting this claim because "Petitioner cannot demonstrate that the Superior Court's rejection of this claim was contrary to, or involved an unreasonable application of, clearly established federal law." R&R at 25.

Petitioner objects to this conclusion because "there was evidence consistent with the finding of guilt of third degree murder and the failure to so instruct denied Petitioner a fair trial." Objections at 5. But, Petitioner fails to direct the Court to any evidence that supported the instruction of third-degree murder. As a result, the Court rejects Petitioners objection and adopts Judge Perkin's recommendation as to this claim. *See Hopper v. Evans*, 456 U.S. 605, 611 (1982) ("[D]ue process requires that a lesser included offense instruction be given *only* when the evidence warrants such an instruction.")

8

## V.   Conclusion

An appropriate order follows.

O:\CIVIL 13\13-2428 smith v. glunt\13cv2428.r&r.objections.Memo.docx